(118 So. 677)

## BLANTON v. HUTTO. (6 Div. 415.)

Court of Appeals of Alabama. Nov. 13, 1928.

618

J. J. Curtis and J. M. Pennington, both of Jasper, and Leo H. Pou, of Mobile, for appellee.

Gray & Manasco, of Jasper, for appellant.

BRICKEN, P. J. This action was brought by appellee against appellant claiming damages for the negligent killing of appellee's mule by appellant's automobile while being driven on a public highway by appellant.

The complaint as originally filed contained three counts; two additional counts being added by amendment. The first, second, and fourth (A) counts charge simple negligence; while the third and fifth (B) counts charge wanton negligence. Each count charges that the defendant negligently propelled his car over or against defendant's mule while on a public highway, and are not subject to the grounds of demurrer assigned.

■ Defendant filed several special pleas, to which a special replication was interposed. Demurrer to this replication was overruled, and this ruling of the court is made the basis of assignment of error 4. However, we do not find that this assignment is insisted upon in appellant's brief, and therefore it will be considered waived.

■■ One McNutt, a section foreman for the Southern Railway, was a witness for plaintiff. On cross-examination defendant propounded to him the following question:

"I will ask you if you haven't had mules killed and haven't see mules that were worth a good deal more than that mule, and if you ever turned in a single one of them for $200.00 in your life, the value?"

- Objection to this question by plaintiff was sustained, and appellant's principal insistence on this appeal is that this was error. We do not so conclude. Courts should be careful to allow parties to show bias, prejudice, or interest on the part of witnesses, and should so exercise the discretion they possess in controlling cross-examination of

witnesses to permit such to be developed, if it exists. But the question quoted does not call for testimony showing any interest, bias, or prejudice on the part of the witness toward any party to this record. There was no error in this or other ruling of the court presented for our consideration. The judgment appealed from will stand affirmed.

Affirmed.